## Williamsport Country Club v. Wither

*McNerney, Page & Vanderlin,* for plaintiff.

*Greevy, Knittle & Fisher* and *Charles A. Szybist,* for defendants.

WILLIAMS, P. J., March 20, 1956.—This matter comes before us on an agreement for an amicable action and case stated in equity.

## Findings of Fact

The court makes the following findings of fact:

1. Plaintiff is Williamsport Country Club, a non-profit corporation organized under the laws of the Commonwealth of Pennsylvania for the purpose of promoting an interest in athletic outdoor sports and recreations, and the acquiring and holding of real estate for the establishment and maintenance of a club house or buildings, golf links, tennis courts and facilities for other athletic sports and pastimes for the convenience and enjoyment of its members and others to whom the privileges of the club may be extended. The business of plaintiff is transacted in Loyalsock Township, Lycoming County, where it owns certain real property on which it maintains its club house, an 18-hole golf course and a swimming pool.

2. Defendants, James D. Wither, J. Robert Reeder, Allen J. Hannen, Clifford A. Thomas, William E. Hoskins, Oliver E. Harris and Frank Dunkelberger, are individuals residing in Loyalsock Township, Lycoming County, and are the School Directors for the School District of Loyalsock Township, Lycoming County.

3. Defendants, Frank A. Blaker, Bruce E. Henry and George A. K. May, are individuals residing in Loyalsock Township, Lycoming County, and are the Board of Supervisors of Loyalsock Township, Lycoming County.

4. Defendant, Walter L. Stull, is an individual residing in Loyalsock Township and is the License Tax Officer (tax collector) for the School District of Loyal-

sock Township, Lycoming County, and the Board of Supervisors of Loyalsock Township, Lycoming County.

5. On May 25, 1954, defendant school directors, aforesaid, adopted a resolution effective July 1, 1954, imposing a tax on sales or admission to amusements within the School District of Loyalsock Township. Said resolution was reënacted by said defendant school directors by resolution adopted May 25, 1955, effective July 1, 1955, continuing the imposition of said tax for another one year period from the effective date thereof.

The said resolution reads, in part, as follows:

"Section 1. The following words and phrases when used in this Resolution shall have the meaning ascribed to them in this Section unless the context clearly indicates a different meaning.

"a. 'Admission' shall mean monetary charge of any character whatever including monies, fees, dues or membership fees (periodical or otherwise) charged or paid for the privilege of attending or engaging in amusements as hereinafter defined. Provided, that when such amusement is conducted at any night club, cabaret or like place where the charge for 'admission' is wholly, or in part, included in the price paid for refreshment, service or merchandise, the 'admission' to such amusement shall be deemed to be the amount of the cover or minimum charge, if any, provided further, that in the case of persons (except bona fide employees of the person conducting the amusement or municipal or state officers on official business) admitted free or at reduced rates at a time when, and under circumstances under which an established price is charged to other persons, the term 'admission' shall mean the established price as charged to other persons.

"b. 'Amusement' shall mean all manner of entertainment, including, but not limited to, theatrical performances, operatic performances, motion picture ex-

hibitions, with or without accompanying sound effects, carnivals, circuses, shows, side shows, vaudeville, sports events, swimming or bathing pool, amusement park and all forms of entertainment therein, dancing, golf, bowling, billiards or pool, athletic contests, and any other form of diversion, sport, pastime or recreation for which admission is charged or paid. Provided, that 'Amusement' shall not, for the purpose of this Resolution, include the following, which shall not be taxable hereunder; any form of entertainment sponsored by and from which the proceeds thereof, after payment of reasonable expenses, inure to the benefit of religious, educational or charitable institutions, societies, or organizations; properly chartered Volunteer Fire Companies; or Volunteer Police or Civil Defense organizations.

"c. 'Person' shall mean any individual, partnership, limited partnership, association or corporation."

"Section 2. A tax is hereby imposed, assessed and levied, for a period of one year from the effective date hereof, for general revenue purposes, at the rate of one cent for each twenty cents, or part thereof, of admission charged or paid to any amusement conducted within the School District of Loyalsock Township which tax shall be paid by the person so admitted; provided, that the person conducting such amusement shall be responsible for collecting said tax."

6. More than 30 days prior to August 1, 1954, the defendant board of supervisors, aforesaid, adopted an ordinance effective August 1, 1954, imposing a tax on the sale of admission to any amusement within Loyalsock Township. Said ordinance was reënacted by said defendant board of supervisors by an ordinance adopted more than 30 days prior to August 1, 1955, effective August 1, 1955, continuing the imposition of said tax for another one year period from the effective date thereof.

The said ordinance reads, in part, as follows:

"Section 2. The following words and phrases when used in this Ordinance shall have the meaning ascribed to them in this Section unless the context clearly indicates a different meaning.

"(A) 'Admission' shall mean monetary charge of any character whatever, including monies, fees, or membership fees (periodical or otherwise) charged or paid for the privilege of attending or engaging in amusements as hereinafter defined: provided that when such amusement is conducted at any roof garden, night club, cabaret, or like place where the charge for admission is wholly, or in part, included in the price paid for refreshment, service, or merchandise, the 'admission' to such amusement shall be deemed to be the amount of the cover or minimum charge, if any, provided, further, that in the case of persons (except bona fide employees of the person conducting the amusement or municipal or state officers on official business) admitted free or at reduced rates at a time when, and under circumstances under which an established price is charged to other persons, the term 'admission' shall mean the established price as charged to other persons.

"(B) 'Amusement' shall mean all manner of entertainment, including but not limited to, theatrical performances, operatic performances, motion picture exhibitions, with or without accompanying sound effects, carnivals, circuses, shows, side shows, vaudeville, sports events, swimming or bathing pool, amusement park and all forms of entertainment therein, dancing, golf, bowling, billiards or pool, athletic contests, and any other form of diversion, sport, pastime or recreation for which admission is charged or paid. Provided, that 'amusement' shall not, for the purpose of this Ordinance, include the following which shall not be taxable hereunder: any form of entertainment spon-

sored by and from which the proceeds thereof, after payment of reasonable expenses, inure to the benefit of religious, educational or charitable institutions, societies, or organizations; properly chartered Volunteer Fire Companies; or Volunteer Police or Civil Defense organizations.

"(C) 'Person' shall mean any individual, partnership, limited partnership, association or corporation.

"Section 3. A tax is hereby imposed for general revenue purposes upon the sale of admission to any amusement within Loyalsock Township, Lycoming County, Pa., at the rate of one cent for each twenty cents, or part thereof, of admission charged or paid, which tax shall be paid by the person so admitted. Such tax is hereby imposed for one year commencing with the effective date of this Ordinance."

7. The membership of plaintiff consists of adult, joint, family, junior, intermediate and nonresident members. The distinction between these types of membership is based on age, marital status, children and location of residence. All of such members must hold a social membership for which they are required to pay to plaintiff annual dues set by the board of directors of plaintiff. Members may also hold a golf membership and/or a swimming pool membership for each of which members are required to pay to plaintiff annual dues in addition to the annual dues for social membership aforesaid.

8. The capital stock of plaintiff is $100,000 divided into 2,000 shares of par value of $50 each. Every adult male member, adult unmarried female member and intermediate member, as a condition of membership, must be the owner of record of at least one share of such capital stock.

9. A member holding only a social membership is not entitled to use the swimming pool and its connected

facilities nor the golf course and its connected facilities. Such a member is entitled, however, to all of plaintiff's club house privileges and use of its facilities which include restaurant and bar service, dancing on occasion, orchestra music on occasion, bowling, card playing, parties, television viewing, lounging in the club house lounge or on the terrace or porch. No additional charge is made for exercising any of the foregoing privileges or using any of the foregoing facilities except for food and drinks.

10. A golf membership entitles the holder thereof to use the 18 hole golf course of plaintiff and the connected facilities.

11. A swimming pool membership entitles the holder thereof to use the swimming pool of plaintiff and the connected facilities.

12. If certain requirements and conditions are complied with, a guest of a member holding a golf membership may use the facilities of plaintiff's golf course for which the host member is required to pay to plaintiff a green fee for the day of such use.

13. If certain requirements and conditions are complied with, a guest of a member holding a swimming pool membership may use the facilities of plaintiff's swimming pool for which the host member is required to pay to plaintiff a guest fee for such use.

14. During the effective period of the aforesaid taxing resolution and ordinance, members of plaintiff paid to it annual membership dues as aforesaid for social, golf and swimming pool memberships and combinations thereof. Also during said period members of plaintiff paid to it green fees for guests using plaintiff's golf course and guest fees for guests using plaintiff's swimming pool.

*Discussion*

Alleging authority of the Act of January 18, 1951, P. L. 2093, as amended, the Township of Loyalsock

enacted an ordinance, and the School District of Loyalsock Township passed a resolution, both of which provide for the imposing of a tax upon the sales of admission to amusements.

The Act of June 25, 1947, P. L. 1145, as amended by the Act of May 27, 1953, P. L. 234, under which the ordinance and resolution are based provides as follows:

"Subject to the limitations prescribed in this Act, the duly constituted authorities of townships of the second class may, in their discretion, by ordinance or resolution, for general revenue purposes, levy, assess and collect, or provide for the levying, assessment and collection of, any one or more of the following taxes, within the limits of such townships:

"(3) A tax on admissions to places of amusement, athletic events and the like."

The Williamsport Country Club is a nonprofit corporation organized for the purpose of promoting an interest in athletic outdoor sports and recreations, and for the acquiring and holding of real estate for the establishment and maintenance of a club house, golf links, tennis courts and facilities for other athletic sports and pastimes for the convenience and enjoyment of its members.

The Williamsport Country Club has issued stock and every adult male member, adult unmarried female member, and intermediate members, as a condition of membership, must own at least one share of stock.

All members must pay dues for a social membership in the club. Members may also hold a golf membership which allows them to use the golf course, and for this membership they must pay additional dues. In order for a member to use the swimming pool at the country club, an additional fee must be paid for such use. A member holding only a social membership is not entitled to use the swimming pool and its connected

facilities, nor the golf course and its connected facilities. A social membership only entitles the member to use the club house including restaurant and bar service, dancing on occasion, bowling, card playing, lounging, television and card playing.

The township supervisors and the school directors, defendants in this action, claim that the tax is applicable to all of the activities of the Williamsport Country Club, plaintiff in the action, and that the country club must pay a tax on all of the dues that it charges its different kind of members. Plaintiff contends that the tax is not applicable to any of its activities.

The ordinance and resolution of defendants defined admissions as meaning a monetary charge of any character whatever, dues or membership fees, periodical or otherwise, charged or paid for the privilege of attending or engaging in amusements. Amusement is defined as meaning all manner of entertainment, and the definition in the ordinance and resolution includes sports events, swimming or bathing pool, dancing, golf, bowling, athletic contests and any other form of diversion, sports, pastime or recreation for which admission is charged or paid.

Plaintiff argues that the annual dues are not in the nature of an admissions charge but are in reality nothing more than assessments upon members to meet operational expenditures, that plaintiff is a nonprofit corporation that does not offer any services or facilities to the general public, that normally an admission tax is thought of as a tax on the fixed price charged to attend some specified form of entertainment, such as a movie, and that defendants are attempting to tax membership dues by defining them to be what they are not.

There is no question that defendants in their ordinance and resolution intended to tax membership dues

for amusements as they defined admissions as meaning monetary charge of any character, dues and membership fees, periodical or otherwise. They also defined an amusement as being all sorts of sport events, such as swimming, dancing and golf.

The charter of the Williamsport Country Club outlines the purpose of the organization as being for promoting an interest in athletic outdoor sports and recreations, and for the acquiring and holding of real estate for the establishment and maintenance of a club house, golf links, tennis courts and facilities for other athletic sports and pastimes. It is our opinion that the Loyalsock Township taxing authorities intended, when they passed the ordinance and resolution, to tax the country club dues as the dues of the country club come within the definitions of the ordinance and resolution as being taxable.

Does the Act of January 18, 1951, P. L. 2093, supra, allow these taxing authorities to so tax? This act has been called the "tax anything" statute. It authorizes school districts and township officials, in their discretion, to tax persons, transactions, occupations, privileges, subjects and personal property as they shall determine.

Under its general and broad powers we are of the opinion that the taxing authorities may not only tax admissions to public places of amusement, but also to private places of amusement, whether or not a single admission is charged, or the admission is charged by annual dues or fees. Amusement has been defined as anything that amuses, as a game or play, an entertainment, a pastime or any sport. Admission has been defined as being the state of being admitted, as to some place, society or office, or the price charged to be admitted. In Fischer's Pool Swimming Club v. Towamencin Township, 87 D. & C. 157, a swimming pool was determined to be a place of amusement and swim-

450

ming club dues were declared subject to an amusement tax applicable to admissions to the swimming pool.

Inasmuch as the purpose and reason for the club's existence is the promotion of outdoor sports and recreations for the members, we are of the opinion that all classes of dues are taxable in the instant case.

We are of the opinion that plaintiff is not entitled to any relief from the taxing ordinance and the resolution of the school board. Therefore, we will give judgment in favor of defendants, according to the terms of the case stated.

*Order*

And now, March 20, 1956, judgment is entered in favor of defendants; costs on plaintiff.